*298 OPINION.
Van Fossan:
The first issue is whether or not one-sixth of the distributable income of the so-called Eothwell lease trust for each of the taxable years was the income of I. N. Smith, the decedent, or the income of three of his children. The determination of the question depends on whether the assignment of July 4, 1921, accomplished the transfer of a property right from which income arose or whether it was merely an assignment of future income. J. V. Leydig, 15 B. T. A. 124; affd., 43 Fed. (2d) 494; J. T. Browning, 16 B. T. A. 485; Hazel T. Power, 23 B. T. A. 428.
The respondent concedes in his brief that the instrument dated December 29, 1927, which is set forth in full in the findings of fact, is a valid assignment by the decedent to his three children of all the decedent’s right, title and interest in and to the funds and properties in question; that such assignment should be given effect; and that decedent was not liable for tax on any portion of the income for the year 1928. We concur in this view.
*299 Eespondent urges, however, that the first assignment, that of July 14,1921, did not accomplish the same result, and points to variations in language as supporting the distinction he asks us to draw. We are unimpressed by respondent’s line of reasoning and can not agree that the earlier document fails of purpose, whereas the latter admittedly succeeds. The phraseology of the latter paper is fuller, but, when read as a whole and related to the present subject matter, no more comprehensive than that employed in the former. We believe both to be valid and effective for accomplishing the declared purpose, the second assignment emphasizing the intention and effect of the first. It will be borne in mind that before the dissolution of the Eothwell Coal Company the decedent, as a stockholder, owned a one-sixth interest in that company, while after the dissolution his only interest was a one-sixth interest in the distribution of assets remaining after payment of debts and liquidating expenses. The company was dissolved in 1919, while the assignment took place in 1921. Therefore, when decedent assigned and set over to his children “ all my interest in the distribution of funds arising from the property formerly owned by the Eothwell Coal Company ” he transferred everything he had, namely, his property right in any distributions however arising. Nothing was added when in the second document, that of 1927, he used the words, “ all my right, title and interest in and to the funds and properties formerly owned by the Eothwell Coal Company * * * and all my right to a distributive share of the monies of said trust whether derived from income or sales of said properties.” The latter phrasing was more detailed, but not more comprehensive.
While the conclusion above reached by study of the language of the two assignments effectively disposes of the principal and determinative issue of these proceedings, it may not be amiss to call attention to other facts revealed by the evidence. The first assignment was formally executed, consistently recognized and enforced and its validity insisted on by decedent in the drawing of the second assignment. The beneficiaries of the assignment were advised of its execution and received and accepted the benefits. The 1927 assignment was suggested by the attitude of the income tax unit and by its terms declares its purpose to be the effectuation of the original intention.
We are of the opinion that the original assignment was an effective legal transfer of a property right, not a mere assignment of income. By such transfer decedent parted with all right, title and interest in and to any share in the distribution of remaining assets of the coal company, however derived. The beneficiaries thereupon *300 became chargeable with tax on any income so received, which taxes have been paid.
The conclusion above announced makes unnecessary a consideration, of the second issue.
Eeviewed by the Board.

Decision will be entered wnder Rule 50.

Goodrich took no part in the consideration or decision of these proceedings.